Filed 1/22/24  Southwick v. Contractors State License Board CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PAUL J. SOUTHWICK,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>CONTRACTORS STATE LICENSE BOARD, et al.,<br><br>　　　Defendants and Respondents. | A161391<br><br>(Alameda County<br>Super. Ct. No. RG-17863164) |

Appellant Paul J. Southwick, representing himself, filed a petition for a writ of administrative mandate under Code of Civil Procedure section 1094.5. The trial court dismissed the case without prejudice for failure to serve the defendants within three years after the action was commenced.  We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

On June 7, 2017, Southwick filed in Alameda County Superior Court a "Verified Petition for Writ of Mandamus and Sanctions for Bad Faith Actions of Counsel," naming as defendants the Contractors State License Board (Board), the Office of Administrative Hearings (OAH), the Department of Consumer Affairs, and various individuals.  In the petition, Southwick alleged a citation issued to him by the Board was "unlawfully created, faulty, improperly or improvidently drawn or made, and or is the product of an " 'Underground Regulation' . . . ."  (Italics omitted.)

On June 14, 2017, Southwick filed a "Certificate of Proof of Service," in which he declared that, "[p]ursuant to the provisions outlined in C.C.P. 1013(a)(1)," he had mailed a copy of the petition to "the following parties and or persons," listing the OAH, the Board, the Department of Consumer Affairs, individual Board employees or former employees, an attorney at the Department of Justice, an attorney for the Office of the Attorney General, "One Unknown Doe," and Richard Laguens.[1]

On July 14, 2017, the OAH filed a "Notice of Non-Appearance." The OAH averred that it was "enter[ing] its special appearance" to give notice that it would "not be an active participant in this matter" unless the trial court directed otherwise. It further stated that any request for fees or costs against OAH should be denied under *Oksner v. Superior Court* (1964) 229 Cal.App.2d 672.

On December 10, 2019, Southwick filed a "Dec[l]aratory Response Re: O.S.C. Scheduled For 12-12-2019" (OSC response). The appellate record does not contain an underlying order to show cause, but the OSC response indicates the trial court had issued an order to show cause related to Southwick's failure to establish "Service of Process/Summons & Complaint." (Italics omitted.) In the OSC response, Southwick argued, among other things, "The requirement to show proofs and or file the requested documents have been MOOTED by Respondents' 'GENERAL APPEARANCE' as evidenced by the filing of The Attorney General's 'First Paper' on July 14, 2017." Here, Southwick seems to be referring to the OAH's special

---

[1] Laguens had apparently filed a complaint that led to the Board issuing Southwick a citation. The trial court granted Laguens judgment on the pleadings, and we affirmed that judgment in *Southwick v. Laguens* (Dec. 21, 2018, A152890) 2018 WL 6715948, *1.

2

appearance notifying the trial court and Southwick that it would not participate in the action.

In advance of a hearing scheduled for September 16, 2020, the trial court ordered Southwick to appear and show cause why the court should not dismiss the case without prejudice, " 'pursuant to mandatory dismissal requirements set forth in Code of Civil Procedure Sections 583.210, 581(b)(4), 581(g), and 583.250, for plaintiff's failure to timely serve the defendant(s)' named in the Petition for Writ of Mandate."

In a written order issued after the hearing on September 16, 2020, the trial court explained that Southwick "has never filed appropriate proof of service of his Petition for Writ of Mandate . . . on any of the remaining named defendants identified in his Petition."

Accordingly, the trial court ordered: "Plaintiff Paul Southwick, having failed to effectuate lawful service of the Petition for Writ of Mandate that he filed on 06/17/2017, and having failed to file proof of such lawful service with the Court within the time limits prescribed in the Code of Civil Procedure, including Section 583.210, the Court hereby orders this case dismissed without prejudice forthwith, as mandated by Section 583.250."

Southwick filed a notice of appeal.

## DISCUSSION

"[S]ervice of a petition for an administrative writ of mandate must be in the same manner required for any civil action." (*Board of Supervisors v. Superior Court* (1994) 23 Cal.App.4th 830, 839; see Code Civ. Proc.,[2] § 1109 [provisions governing civil actions generally "constitute the rules of practice in" writ proceedings].)

---

[2] Further undesignated statutory references are to the Code of Civil Procedure.

3

As the Attorney General[3] explains, this means service by mail of a petition for administrative mandate must comply with section 415.30, subdivision (a), which requires mailing "[a] copy of the summons and of the complaint . . ., together with two copies of the notice and acknowledgment . . . and a return envelope, postage prepaid, addressed to the sender." Service of summons by mail is deemed complete only if "a written acknowledgment of receipt of summons is executed" and "returned to the sender." (*Id.*, subd. (c).)

In this case, while Southwick filed a "Certificate of Proof of Service" indicating he mailed the petition to identified defendants, it does not appear that he has ever completed service of the summons and petition in compliance with section 415.30. In particular, there is no evidence that written acknowledgments of receipt of the summons and petition were ever signed by defendants and returned to the sender as required by section 415.30, subdivision (c).

On appeal, Southwick argues that the OAH's "Notice of Non-Appearance" constituted a general appearance, which "summarily waived" "any need for a 'Summons' or 'Return of a Proof of Summons' on the OAH." We disagree.

Southwick relies on the rule that "[a] general appearance by a party is equivalent to personal service of summons on such party." (§ 410.50.) A defendant makes a general appearance in an action when, for example, "the defendant answers, demurs, files a notice of motion to strike, files a notice of

---

[3] After Southwick filed an opening brief and a motion to amend his opening brief (which motion we granted), the Office of the Attorney General notified this court that it would not file a respondent's brief on behalf of the Board or its employees because Southwick never effectuated service on any of them. We asked the Attorney General to file an amicus curiae brief addressing Southwick's amended opening brief, and he has done so.

motion to transfer pursuant to Section 396b, moves for reclassification pursuant to Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant." (§ 1014.) This is not an exhaustive list of acts that constitute a general appearance; the determinative issue is " 'whether [the] defendant takes a part in the particular action which in some manner recognizes the authority of the court to proceed.' " (*Hamilton v. Asbestos Corp., Ltd.* (2000) 22 Cal.4th 1127, 1147.) Determining whether a defendant has made a general appearance is a "fact-specific" inquiry. (*Ibid.*)

Here, the OAH's only dealing with the trial court was the filing of a "Notice of Non-Appearance," in which it stated it was making a "special appearance" to inform the court and parties that it would *not* participate in the lawsuit. The OAH did not oppose Southwick's petition on "other than on jurisdictional grounds." (Cf. *Sunrise Financial, LLC v. Superior Court* (2019) 32 Cal.App.5th 114, 125 ["opposing a motion other than on jurisdictional grounds normally constitutes a general appearance"].) Nor did the OAH otherwise recognize the trial court's authority to proceed against it. To the contrary, the OAH cited *Oksner v. Superior Court*, *supra*, 229 Cal.App.2d 672, in which the appellate court found the trial court lacked jurisdiction to make an order directed at an entity that was not a party to the action. (*Id.* at p. 690.) By citing *Oksner*, the OAH suggested the trial court in this case likewise lacked jurisdiction to make an order with respect to the OAH.

On this record, we conclude OAH did not make a general appearance. As a result, Southwick was not excused from the requirement that he serve the petition in compliance with the Code of Civil Procedure.

Section 583.210, subdivision (a), requires a "summons and complaint . . . be served upon a defendant within three years after the action is

5

commenced against the defendant.  For the purpose of this subdivision, an action is commenced at the time the complaint is filed."

In this case, Southwick commenced the action when he filed his petition on June 7, 2017.  After Southwick failed to establish that he properly served any of the defendants, the trial court dismissed the petition on September 16, 2020, more than three years after the action was commenced, for failure to timely serve the petition.  We find no error in the trial court's order.[4]

Southwick asserts the trial court acted "ultra vires."  "The term 'ultra vires,' meaning 'beyond the power,' is used in varying senses. . . . [A] governmental agency that acts outside of the scope of its statutory authority acts ultra vires and the act is void."  (*Lamere v. Superior Court* (2005) 131 Cal.App.4th 1059, 1066, fn. 4.)  Southwick has not shown the trial court acted outside its authority.

Southwick's remaining arguments do not challenge the basis for trial court's dismissal order and, therefore, do not show reversible error.[5]

---

[4] Southwick also argues that the Attorney General's filing of an amicus curiae brief in this court constitutes a general appearance by defendants. But an amicus curiae brief is, by definition, filed by a nonparty.  (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2023) ¶ 9:204 [" 'Amicus curiae' ('friend of the court') briefs are written by independent persons or entities who are *not* parties to the appeal"].) Consequently, the Attorney General's amicus curiae brief does not constitute a general appearance by any defendant.  Furthermore, we would not consider an appellate brief filed *after* the trial court entered its dismissal order as evidence of error where the trial court's order was correct when made.  (See *id*., ¶ 8:176 ["matters that occurred *after rendition* of an appealed judgment usually will be *disregarded* on the appeal"].)

[5] In his response to the amicus brief, Southwick asks this court to take judicial notice of an unpublished opinion from the Fourth District Court of Appeal.  However, "[t]o obtain judicial notice by a reviewing court under

6

## DISPOSITION

The trial court's order dismissing the petition is affirmed.

<hr />

Evidence Code section 459, a party must serve and file a *separate motion* with a proposed order." (Cal. Rules of Court, rule 8.252(a)(1), italics added.) In any event, the general rule is that "an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published *must not be cited or relied on* by a court or a party in any other action." (Cal. Rules of Court, rule 8.1115(a), italics added.) Rule 8.1115(b) permits a party to rely on an unpublished opinion "(1) [w]hen the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel; or [¶] (2) [w]hen the opinion is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action." But Southwick has not shown that any of these exceptions apply in this case. We therefore deny his request to take judicial notice because the unpublished opinion is not relevant to resolving this appeal. (See *Sweeney v. California Regional Water Quality Control Bd.* (2021) 61 Cal.App.5th 1093, 1118, fn. 3 [denying request for judicial notice of documents that "are unnecessary to resolve the issues before us"].)

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Richman, J.


A161391, *Southwick v. Contractors State License Board, et al.*

8